IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS' UNION LOCAL #441 HEALTH AND WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 10-0118-WS-B |
| AIR COMFORT COMPANY, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

The plaintiffs have filed an application for entry of default. (Doc. 5). The file reflects that summons was issued to defendant Air Comfort Company, Inc. ("Air Comfort"), attention Max Mutchnick or Stanley Small. (Doc. 4 at 3). Return of service includes the process server's representation that he "personally" served Air Comfort, an "individual." (*Id*. at 4). Summons was issued to defendant Stanley Small, "c/o Air Comfort Company, Inc." (*Id*. at 1). Return of service indicates Small was personally served at Air Comfort. (*Id*. at 2).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, ... the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (3rd ed. 1998). It is far from clear that the plaintiffs have obtained good service on the defendants.

Service of process on a corporation in a federal lawsuit is governed by Federal Rule of Civil Procedure 4(h). Service under that rule must be accomplished in one of two manners: (1) in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(A), (B). Likewise, Alabama law requires that service on a corporation be accomplished by service on an officer, a partner, a managing agent, a general agent, an agent appointed to receive service of process, or an agent authorized by law to accept service of process. Ala. R. Civ. P. 4(c)(6).

To what officer or agent of Air Comfort did the process server deliver process? That is impossible to say based on the return. For all that appears, he left process at the front desk with a receptionist, or with no one at all. Even if it could be assumed (which it cannot) that he left process with Small, the plaintiffs have not endeavored to show that Small falls within the class of persons who can properly accept service on behalf of a corporation.

Service of process on an individual within the United States is governed by Rule 4(e). Service of the summons and complaint must be made on the defendant "personally," or on his "agent authorized by appointment or by law to receive service of process," or "by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). Although Rule 4(e) in the alternative allows service in accordance with state law, *id*. Rule 4(e)(1), Alabama's rule is consistent with the federal rule. Ala. R. Civ. P. 4(c)(1).

The process server states that he personally served process, but his representation cannot be taken at face value. His directions, per the summons, were to deliver process to Small "c/o Air Comfort Company, Inc."[1] The notation "c/o" is of course a shorthand for

---

[1] The instructions were supplied by the plaintiffs, not by the Clerk.

"care of," Black's Law Dictionary 291 (9th ed. 2004), and it means that the paper is intended to pass through the hands of an intermediary on its way to the addressee. *E.g., C&R Forestry, Inc. v. Consolidated Human Resources, Inc.*, 2008 WL 4000161 at *10 (D. Idaho 2008). On its face, therefore, the summons instructed the process server to deliver process to Air Comfort, with Air Comfort to handle further delivery to the plaintiff, and the Court cannot assume he ignored his instructions and delivered process into Small's hands. On the contrary, the more probable result of the summons' instructions is that the server left process with a receptionist or, if the receptionist was not there, on his or her desk.

Accordingly, the application for entry of default, construed as a motion, is **denied,** without prejudice to the plaintiffs' ability to properly establish the fact of valid service.

DONE and ORDERED this 20th day of April, 2010.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE